**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KITTY YINLING ZHANG, | No. 12-15952 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-03475-NC |
| v. | |
| COUNTRYWIDE HOME LOANS, INC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted April 22, 2015[***]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Kitty Yinling Zhang appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims in connection with

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Zhang's Real Estate Settlement Practices Act ("RESPA") claim alleging inadequate disclosures, because Zhang failed to allege facts sufficient to show that any defendant failed to provide a required disclosure with respect to the transfer of a loan. *See* 12 U.S.C. § 2605(a)-(c) (setting forth disclosures that must be made regarding the transfer of a loan).

Dismissal of Zhang's RESPA claim alleging inadequate responses to her Qualified Written Request was proper because Zhang failed to allege facts sufficient to show that she suffered any actual damages as a result of the alleged violation. *See* 12 U.S.C. § 2605(f)(1)(A) (allowing recovery of "actual damages").

The district court properly dismissed Zhang's Fair Debt Collection Practices Act claim because, even assuming that defendant ReconTrust was a "debt collector" and was "collecting" a debt, records subject to judicial notice show that ReconTrust provided Zhang all statutorily required information. *See* 15 U.S.C. § 1692g(b) (setting forth information a debt collector must provide when a consumer disputes a debt or seeks information regarding the original creditor); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173-74 (9th

Cir. 2006) ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**